Matthew I. Sack
SACK LAW PLLC
1700 W. Koch Street, Ste. 4
Bozeman, Montana 59715
(406) 587-3736
(406) 582-4482 (fax)
matt@sacklawpllc.com

Christopher B. Gray
P.O. Box 1065
Bozeman, Montana 59771
406-551-4511
cgray@cgraylaw.com

*ATTORNEYS FOR ECKART TRUCKING, INC.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

_____

| | |
|---|---|
| THE CITY OF MILES CITY, a political .subdivision of the State of Montana<br><br>Plaintiff,<br><br>vs.<br><br>ECKART TRUCKING, INC.,<br><br>Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

_____

Defendant, Eckart Trucking, Inc. (hereinafter "Defendant" or "removing party") by and through its undersigned attorneys, hereby gives notice of removal of

this matter from the Montana Sixteenth Judicial District Court, Custer County, Cause No. DV-2021-31, pursuant to 28 U.S.C. §1441 et seq., and in support thereof, aver as follows:

## I.     STATEMENT OF FACTS

1.     On or about April 26, 2021, Plaintiff (hereinafter "Miles City") commenced the instant action by filing a Complaint against Defendant in the Montana Sixteenth Judicial District Court, Custer County.  See a true and correct copy of Plaintiff's Complaint attached hereto as Exhibit "A."

2.     On or about April 30, 2021, upon information and belief, Miles City served a copy of its Complaint to counsel for Defendant, by e-mail.

3.     On May 21, 2021, counsel for Defendant accepted service of the Complaint by mail pursuant to Mont. R.Civ.P. 4(d)(3).  See a true and correct copy of Defendant's Acknowledgement of Service attached hereto as Exhibit "B."

4.     Plaintiff, Miles City's verified Complaint contains five paragraphs and no specific causes of action, yet alleges that structures situated on real property owned by Defendant and its principles [sic] are in violation of Plaintiff, Miles City's Flood Plain Ordinances.  See Ex. A at p. 1-2.

5.     On June 10, 2021, Defendant, along with its principal, William Eckart (collectively, the "Eckart federal plaintiffs"), filed a civil complaint as plaintiffs, in this Honorable Court, captioned as William Eckart and Eckart Trucking, Inc. v.

<u>The City of Miles City</u>, US Dist. Ct. Montana, Billings Division, Case No. 1:21-cv-00066-SPW-TJC.  A true and correct copy of the Eckart federal plaintiffs' Complaint is attached hereto as Exhibit "C."

6. The Eckart federal plaintiffs assert four causes of action against Miles City in their Complaint: violation of constitutional rights 42 U.S.C. §1983; declaratory judgment; malicious prosecution; and, negligence and bad faith.  <u>See id</u>.

7. All four causes of action in the Eckart federal plaintiffs' Complaint directly arise from the same real property, the same Miles City Flood Plain Ordinances and the same enforcement efforts, first criminal and now civil, of these Ordinances by Miles City against the Eckart federal plaintiffs.

8. This Court has jurisdiction over the Eckart federal plaintiffs' action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202.

9. The Eckart federal plaintiffs further invoke the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

10. Following removal of Miles City's Montana District Court action, the Eckart federal plaintiffs intend to move this Honorable Court for consolidation of these two directly related actions.

11. Miles City, through its counsel, has verbally consented to this removal.

## II. LEGAL ARGUMENT

12. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441.

13. This Court's original jurisdiction is based upon a federal question under 28 U.S.C. §1331 insofar as this statute gives the United States district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

14. The federal question statute gives the United States district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15. A case "arises under" federal law for purposes of § 1331 when the plaintiff (1) pleads a cause of action created by federal law, or (2) pleads a state

law claim which implicates "significant federal issues." <u>Grable & Sons Metal Products, Inc. v. Darue Engraving & Manufacturing</u>, 545 U.S. 308, 312 (2005).

16.  Under the well pleaded complaint rule, whether a federal question is presented must be determined by looking to the face of the plaintiff's complaint "unaided by the answer or by the petition for removal." <u>California ex rel. Lockyer v. Dynergy, Inc.</u>, 375 F.3d 831, 838 (9th Cir. 2004) (quoting <u>Gully v. First National Bank</u>, 299 U.S. 109, 113 (1936)).

17.  28 U.S.C. § 1367 governs supplemental jurisdiction and provides federal courts with "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

18.  In determining whether a federal court has the authority to exercise supplemental jurisdiction over state-law claims, the United States Supreme Court looks to whether the federal claims and the state-law claims "derive from a common nucleus of operative fact." E.g., <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 351, 126 S.Ct. 1854 1866, 164 L.Ed.2d 589 (2006) ; <u>City of Chi. v. Int'l College of Surgeons</u>, 522 U.S. 156, 165, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997).

19.  Miles City's Montana District Court action undoubtedly "arises under" federal law for purposes of § 1331 because Miles City has pled a state law

claim which implicates "significant federal issues" as evident by the Eckart federal plaintiffs' Complaint.  <u>Grable & Sons Metal Products, Inc. v. Darue Engraving & Manufacturing</u>, 545 U.S. 308, 312 (2005).

20. As noted above, the Eckart federal plaintiffs' Complaint is in direct response to the significant federal issues implicated by Miles City's Montana District Court action.

21. Additionally, this Court maintains supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the related state law claims set forth in Miles City's Montana District Court action.

**WHEREFORE**, pursuant to 28 U.S.C. §1441, et seq., Defendant, Eckart Trucking, Inc. respectfully requests that the action now pending against it in the Montana Sixteenth Judicial District Court, Custer, be removed therefrom to this Honorable Court.

DATED this 11th day of June, 2021.

SACK LAW PLLC


/s/ Matthew I. Sack
Matthew I. Sack

* * *

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2021 a copy of the foregoing document was served on the following persons by CM/ECF or US Mail.

1. Clerk of US District Court, Montana

2. Geoffrey T. Cunningham
   Parker, Heitz & Cosgrove, PLLC
   401 N. 31st Street, Suite 805
   PO Box 7212
   Billings, MT 59103-7212
   Geoff@parker-law.com


SACK LAW PLLC


/s/ Matthew I. Sack
Matthew I. Sack