Matthew I. Sack
SACK LAW PLLC
1700 W. Koch Street, Ste. 4
Bozeman, Montana 59715
(406) 587-3736
(406) 582-4482 (fax)
matt@sacklawpllc.com

Christopher B. Gray
P.O. Box 1065
Bozeman, Montana 59771
406-551-4511
cgray@cgraylaw.com

*ATTORNEYS FOR ECKART TRUCKING, INC.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

_____

| | |
|---|---|
| THE CITY OF MILES CITY, a political subdivision of the State of Montana ) ) | **Case No. 1:21-cv-00068-SPW-TJC** |
| ) | |
| Plaintiff, ) ) | **DEFENDANT, ECKART TRUCKING, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| vs. ) ) | |
| ECKART TRUCKING, INC., ) ) | |
| Defendant. ) | |

_____

COMES NOW, Defendant, Eckart Trucking, Inc., for its Answer and Affirmative Defenses, avers as follows:

# INTRODUCTION

Plaintiff, the City of Miles City ("Miles City"), originally filed this action in Montana District Court on or around April 27, 2021. Defendant, Eckart Trucking, Inc. ("Eckart Trucking") filed a Notice of Removal in this Honorable Court on June 11, 2021. On June 18, 2021, during a telephone conference between Geoff Cunningham, counsel for Miles City, and the two undersigned counsel for Eckart Trucking, Mr. Cunningham advised that a motion for remand would be filed the next week. Upon that representation, Eckart Trucking did not file this Answer on or before June 18, 2021.

# ANSWER

1. Admitted in part, denied in part. It is admitted that Miles City, is a political subdivision of the State of Montana. The remaining allegations contained in this paragraph are denied and strict proof of same is demanded at trial. To the extent the allegations in this paragraph contain conclusions of law, no response is required, and accordingly those allegations are denied.

2. Admitted in part, denied in part. It is admitted that Eckart Trucking owns real property legally described as "all of fractional Block 3 and the N ½ of Block 8, Milwaukee Park Addition, Custer County" in Miles City, Montana ("Property"). It is further admitted that Property is inside the exterior boundaries of the City with portions of it located in the regulatory floodway of the

Yellowstone River. The remaining allegations contained in this paragraph are denied and strict proof of same is demanded at trial. It is specifically denied that there are structures on the Property which are in violation of the Miles City Flood Plain Ordinances as alleged. To the extent the allegations in this paragraph contain conclusions of law, no response is required, and accordingly those allegations are denied.

3. Admitted in part, denied in part. It is admitted that William Eckart, on behalf of Eckart Trucking, applied for a variance, as directed by Miles City's Floodplain Administrator, Samantha Malenovski. It is further admitted that that variance application was denied. The remaining allegations contained in this paragraph are denied and strict proof of same is demanded at trial. To the extent the allegations in this paragraph contain conclusions of law, no response is required, and accordingly those allegations are denied.

4. Admitted in part, denied in part. It is admitted that Miles City has initiated, pursued, and maliciously prosecuted "numerous enforcement actions" as alleged. As a result of Miles City's actions and malicious prosecution, Eckart Trucking has filed suit against Miles City in this same Honorable Court, captioned as <u>William Eckart and Eckart Trucking, Inc. v. Miles City</u>, US Dist. of MT, case 1:21-cv-00066-SPW-TJC ("Eckart Action"). Miles City's claims in this instant matter are so related to claims in the Eckart Action within such original jurisdiction

that they form part of the same case or controversy. The remaining allegations contained in this paragraph are denied and strict proof of same is demanded at trial. It is specifically denied that Eckart Trucking owns, operates or maintains structures in violation of the Miles City ordinances as alleged. To the extent the allegations in this paragraph contain conclusions of law, no response is required, and accordingly those allegations are denied.

5. Denied. Strict proof of same is demanded at trial.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Miles City's claims are barred by the equitable doctrines of unclean hands, estoppel, laches and/or waiver.

### SECOND DEFENSE

Miles City has failed to state a claim upon which relief may be granted and as a result Miles City's claims must be dismissed.

### THIRD DEFENSE

Miles City's claims should be dismissed because Miles City has failed to join necessary or indispensable parties.

### FOURTH DEFENSE

Miles City's claims are barred, in whole or in part, by Miles City's own conduct.

## FIFTH DEFENSE

Miles City's claims are barred, in whole or in part, by Eckart Trucking's affirmative claims pled in <u>William Eckart and Eckart Trucking, Inc. v. Miles City</u>, US Dist. of MT, case 1:21-cv-00066-SPW-TJC.

## SIXTH DEFENSE

Miles City has violated Eckart Trucking's constitutional rights pursuant to 42 U.S.C. §1983.

## SEVENTH DEFENSE

Miles City has violated Eckart Trucking's constitutional rights pursuant to the Fourth Amendment to the United States Constitution.

## EIGHTH DEFENSE

Miles City has violated Eckart Trucking's due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

## NINTH DEFENSE

Miles City's Floodplain Ordinance is illegal on its face and as applied.

## TENTH DEFENSE

Miles City is liable for malicious prosecution as a result of its "numerous enforcement actions."

## ELEVENTH DEFENSE

Miles City has acted negligently and in bad faith.

## TWELFTH DEFENSE

Miles City's claims in this instant matter are so related to claims in the Eckart Action within such original jurisdiction that they form part of the same case or controversy.

## COUNTERCLAIMS

Pursuant to Fed.R.Civ.P 13, Eckart Trucking pleads and adopts by reference to be incorporated herein, as compulsory counterclaims, all affirmative claims pled by Eckart Trucking in William Eckart and Eckart Trucking, Inc. v. Miles City, US Dist. of MT, case 1:21-cv-00066-SPW-TJC.

WHEREFORE, Eckart Trucking respectfully requests the following:

1. That the Court each and every claim brought by Miles City against it and entering a judgment in favor of Eckart Trucking and against Miles City;

2. That the Court declare, adjudge or decree the Floodplain Ordinance or portions thereof void, illegal, or unenforceable;

3. That the Court award Eckart Trucking its reasonable attorney's fees, costs, and disbursements to the extent allowed in law or in equity; and

4. Grant Eckart Trucking such other relief as may be just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Eckart Trucking demands a trial by jury for all issues triable by jury.

DATED this 12th day of July, 2021.

        SACK LAW PLLC

        /s/ Matthew I. Sack
        Matthew I. Sack

        /s/ Christopher B. Gray

        Christopher B. Gray
        P.O. Box 1065
        Bozeman, Montana 59771
        406-551-4511
        cgray@cgraylaw.com

* * *

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2021 a copy of the foregoing document was served on the following persons by CM/ECF or US Mail.

1. Clerk of US District Court, Montana

2. Geoffrey T. Cunningham
   Parker, Heitz & Cosgrove, PLLC
   401 N. 31st Street, Suite 805
   PO Box 7212
   Billings, MT 59103-7212
   Geoff@parker-law.com

SACK LAW PLLC


/s/ Matthew I. Sack
Matthew I. Sack