IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THE CITY OF MILES CITY, a political subdivision of the State of Montana,<br><br>                    Plaintiff,<br><br>vs.<br><br>ECKART TRUCKING, INC.,<br><br>                    Defendant. | CV 21-68-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This action was originally brought in the Montana Sixteenth Judicial District Court, Custer County.  On June 11, 2021, Defendant Eckart Trucking, Inc. ("Eckart"), timely removed, alleging this Court has federal question jurisdiction under 28 U.S.C. § 1331.  (Doc. 1.)

Presently before the Court is Plaintiff, The City of Miles City's ("Miles City") Motion to Remand and for Attorney's Fees and Costs.  (Doc. 6.)  The motion is fully briefed and ripe for the Court's review.  (Docs. 10. 15.)

Having considered the parties' submissions, the Court finds federal question jurisdiction is lacking, and therefore, **RECOMMENDS** this action be remanded to state court, as set forth below.

/ / /

## I.      BACKGROUND

On April 26, 2021, Miles City filed the instant action against Eckart in the Montana Sixteenth Judicial District Court, Custer County, alleging Eckart constructed buildings in the floodway of the Yellowstone River in violation of the Miles City Flood Plain Ordinances. (Doc. 1-1.) Miles City seeks a judgment ordering Eckert to remove the structures from the floodway. (*Id.*) Eckert accepted service of the lawsuit on May 21, 2021. (Doc. 1 at ¶ 3.)

On June 10, 2021, Eckert, and its principal shareholder William Eckart, filed a separate federal lawsuit against Miles City in this Court. *See Eckart v. The City of Miles City*, Case No. 21-CV-66-SPW-TJC (the "Federal Action"). In the Federal Action, Eckart alleges four claims against Miles City, including violation of constitutional rights under 42 U.S. § 1983; declaratory judgment; malicious prosecution; and negligence and bad faith. *Eckart*, Case No. 21-CV-66-SPW-TJC, Docket No. 7. Eckart's claims in the Federal Action arise from the same property, flood plain ordinances and enforcement efforts as the claims in the state court case.

On June 11, 2021, Eckart removed this action from state court. (Doc. 1.) Eckart relies on the Federal Action as the basis for the removal of this case. Essentially, Eckart asserts that because the Court has federal question jurisdiction over the Federal Action, it may exercise supplemental jurisdiction over this case since it arises from the same underlying facts as the Federal Court Action.

On July 9, 2021, Eckart filed a Counterclaim against Miles City, asserting the same claims presented in its complaint in the Federal Action.  (*See* Doc. 8 at 6 ("Eckart Trucking pleads and adopts by reference to be incorporated herein, as compulsory counterclaims, all affirmative claims pled by Eckart Trucking in William Eckart and Eckart Trucking, Inc. v. Miles City, US Dist. of MT, case 1:21-cv-00066-SPW-TJC.").)

Miles City moves to remand, arguing this action must be remanded to state court because this Court lacks subject matter jurisdiction.  (Doc. 6.)  Miles City contends the claims in this case do not present a federal question under 28 U.S.C. § 1331, and the Court may not exercise supplemental jurisdiction under 28 U.S.C. § 1367 on the basis of the separate federal lawsuit.

## II.    DISCUSSION

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Removal of civil actions from state court is permitted only when the federal court has original jurisdiction over the action, and removal is not otherwise expressly prohibited by statute.  28 U.S.C. § 1441.  In general, federal district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and in actions where there is complete diversity of citizenship between the parties and the

amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.  Federal courts may also exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

The removal statute is to be strictly construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377 (internal citation omitted).  The presumption against removal jurisdiction "means that the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Any doubts about federal jurisdiction should be resolved in favor of remand.  *Id.*

A case can "arise under" federal law in two ways for purposes of federal question jurisdiction under 28 U.S.C. § 1331.  Most commonly, a case arises under federal law when the Plaintiff pleads a cause of action created by federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005).  The "vast bulk" of federal-question cases fall into this category. *Gunn v. Minton*, 568 U.S. 251, 257 (2013).  Alternatively, there is a "special and small category" of cases that may arise under federal law where a state law claim

4

raises a substantial question of federal law.  *Id.* at 258; *Grable*, 545 U.S. at 312-314.

In determining whether a case arises under federal law, district courts follow the "well-pleaded complaint" rule.  *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983).   Under the rule, the federal question must appear on the face of the properly pleaded complaint.  *Id.*; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A case may not be removed based on a federal defense, even if the defense is anticipated in the Complaint.  *Franchise Tax Bd.*, 463 U.S. at 14.  "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (stating that even a compulsory counterclaim does not establish "arising under" jurisdiction).  *See also ARCO Environmental Remediation, LLC v. Dept. of Health and Environmental Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("Put simply, the existence of federal question jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims").

Here, Miles City's Complaint does not assert a federal cause of action or raise any issue of federal law.  Rather, it seeks enforcement of a local ordinance which is based on a Montana statute.  Because the face of the Complaint raises solely a claim under state law, the Court does not have original jurisdiction over this case.  *Franchise Tax Bd.*, 463 U.S. at 10.  The fact Eckart has asserted federal

counterclaims does not alter the Court's analysis, as a counterclaim cannot confer federal question jurisdiction. *Vaden*, 556 U.S. at 60; *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction.").

Eckart argues the Court has supplemental jurisdiction over this case based on the claims in the Federal Action. Eckart asserts Miles City's state law claim implicates a substantial question of federal law because it arises out of the same common nucleus of operative facts as the Federal Action. The Court, however, cannot exercise supplemental jurisdiction based on claims asserted in a separate lawsuit. *Syngenta Crop Protection Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("[A] court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims. Ancillary jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under §1441.").

Indeed, several courts have rejected supplemental jurisdiction in situations similar to this case. For example, in *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702 (8th Cir. 2003), the Eighth Circuit held the district court improperly allowed removal of a state court action on the grounds that the claim "was 'factually interdependent' with, and therefore 'ancillary' to, a case already pending before the

6

federal district court." *Id.* at 703. The court explained supplemental jurisdiction does not provide an independent source of removal. The Court stated that although 28 U.S.C. § 1367(a) "does allow factually related state law claims to be joined with the claim over which the federal court has original jurisdiction, it plainly does not provide a separate basis for removal of independent state law actions." *Id.* at 705.

Likewise, in *Weinrich v. Levi Strauss & Co.*, 366 F.Supp.2d 439 (S.D. Miss. 2005), the court rejected the defendant's argument that the court could exercise supplemental jurisdiction under § 1367 over a state court action that was factually identical to another case that was already pending in federal court. The court explained that "[b]efore a case can be removed, a particular suit has to have a basis, in the complaint *of that suit*, on which it can be removed." *Id.* at 444 (emphasis in original). *See also Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.") (internal citations omitted); *In re Est. of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995) ("An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action.").

District courts within this circuit have followed the same approach. *See, e.g.*, *Vangsnes v. Liberty Mut. Group., Inc.*, 2013 WL 2255901 (D. Mont. May 22, 2013) (declining to "assert supplemental jurisdiction over the case because of its relationship with another case that has been removed to this Court that evolved from the same accident and insurance policy"); *Marcial v. United States*, 2008 WL 11508646, *2 (S.D. Cal. Aug. 5, 2008) (rejecting argument that the court could exercise supplemental jurisdiction over a state action that arose from the same underlying facts as a separate federal complaint, explaining "[t]he law does not extend supplemental jurisdiction to encompass this scenario."); *Schub v. Merrill*, 2005 WL 8176311, *1 (E.D. Cal. Sept. 1, 2005) (remanding action to state court where there was no federal question presented by the plaintiff's complaint, and holding the fact the case was "closely related to an action pending in federal court is not grounds for removal to federal court").

Here, this action contains no federal claims and removal cannot be based on Eckart's counterclaims. *Vaden*, 556 U.S. at 60; *Holmes*, 535 U.S. at 831. Further, "the supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action. Although such an approach would have the benefits of efficiency, it runs aground on a close reading of [§1367(a)]." *In re Est. of Tabas*, 879 F. Supp. at 467. Accordingly, Miles City's motion to remand should be granted.

8

Miles City requests that the Court direct an award of attorney's fees and costs associated with the motion to remand.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Whether fees should be awarded turns on the reasonableness of the removal.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court, in its discretion, declines to award Miles City attorney's fees and costs in this matter.  As noted by the Ninth Circuit in *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008), even where there is "no question" that a defendant's arguments were "losers," "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Although the Court has determined the case must be remanded to state court, the Court does not find the removal was objectively unreasonable.

## III.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Plaintiff's Motion for Remand (Doc. 6) be **GRANTED in part and DENIED in part**.  This action should be remanded to the Montana Sixteenth Judicial District Court, Custer County, and Miles City's motion for Attorney's Fees and Costs should be denied.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the

parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 14th day of December, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge